UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br>vs.<br><br>SILVANO GONZALEZ-CASTRO,<br><br>          Defendant. | Case No. 2:19-cr-00130-APG-NJK<br><br>REPORT AND RECOMMENDATION<br><br>(Docket No. 20) |

This matter was referred to the undersigned Magistrate Judge on Defendant Silvano Gonzalez-Castro's motion to dismiss indictment. Docket No. 20. The Court has considered Defendant's motion, the United States' response, and Defendant's reply. Docket Nos. 20, 31, 34.

I.     **BACKGROUND**

On May 21, 2019, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendant with one count of deported alien found unlawfully in the United States, in violation of Title 8, United States Code, Section 1326. Docket No. 1. The charge alleges that Defendant reentered and remained in the United States "after having been deported and removed therefrom on or about August 19, 2004, and November 2, 2014 ..." *Id*. at 1.

Defendant submits that his August 5, 2004, Notice to Appear ("NTA"), which led to his removal, was legally defective because it failed to designate an address for the Immigration Court for his removal hearing. *Id*. at 2, 3-4; Docket No. 20-1 at 2. Defendant submits that a subsequent notice cannot cure the omission of this information. *Id*. at 7-8. As a result, Defendant submits, the Immigration Judge who removed him lacked jurisdiction to do so and his removal order is therefore void. Docket No. 20 at 2, 5-6, 10-12.

Defendant further submits that his first removal order was defective because the Immigration Judge did not inform him that he was statutorily eligible to seek relief from removal and voluntarily depart the United States, which constituted a due process violation. *Id*. at 2-3, 4-5, 14-15. The due process violation, Defendant submits, "deprived him of the ability to make an informed decision in accepting the final order of removal and waiving the appeal." *Id*. at 3. Defendant submits that voluntary removal was plausible as he was 48 years old at the time had only one misdemeanor conviction for possession of marijuana, and appears to have had no prior immigration history; therefore, the Immigration Judge's failure to advise Defendant of his eligibility for pre-conclusion voluntary departure prejudiced him. *Id*. at 19-20. Defendant further submits that this due process violation invalidates both the original removal order and the reinstatement removal order and, therefore, asks the Court to dismiss the indictment against him. *Id*.

Defendant additionally submits that his waiver of appeal was not knowing and intelligent. *Id*. at 15-18. Finally, Defendant submits that, since he is challenging the Immigration Court's subject matter jurisdiction, he does not need to exhaust his administrative remedies. *Id*. at 12-14. Therefore, Defendant asks the Court to dismiss the indictment against him.

In response, the United States submits that, on August 5, 2004, Defendant was charged in United States District Court for the District of Arizona with knowingly and intentionally possessing marijuana with intent to distribute and with knowingly and intentionally possessing marijuana. Docket No. 31 at 2; *see also* Docket No. 31-1. The United States further submits that, on August 5, 2004, immigration officials issued Defendant an NTA charging him as an alien who had been convicted of a controlled substance offense and as an illicit trafficker of a controlled substance, all in violation of the Immigration and Nationality Act. Docket No. 31 at 2. The United

States submits that, on the same date, Defendant was personally served with the NTA, which stated that the date, time, and place of the hearing were "to be set," and signed for receipt of it. *Id*. Further, the United States submits, the NTA stated that Defendant was provided oral notice in the Spanish language of the "time and place of his hearing, and the consequences of his failure to appear." *Id*.

On August 10, 2004, Defendant entered a guilty plea to count 2 of the complaint, for which he was sentenced to 18 months' probation along with a special condition that he not reenter the United States of America without permission from the Attorney General. *Id*. at 3. The United States submits that, on August 19, 2004, Defendant was present in Immigration Court during a proceeding in which an Immigration Judge ordered him removed from the United States and he waived his right to appeal the removal order. *Id*. The United States further submits that it is unclear whether the Immigration Judge advised Defendant that he was eligible to seek voluntary removal from the United States. *Id*. On November 2, 2014, the United States submits, Defendant was again removed from the United States pursuant to a reinstatement of the 2004 removal order. *Id*.

The United States submits that the NTA "filed as a charging document in the immigration court need not contain the time or place of the proceedings." *Id*. at 4. Rather, the United States submits, the rules require immigration officials to include the time, place, and date of the initial removal proceeding "where practicable" and, when this information is not in the initial notice, "the Immigration Court shall be responsible for scheduling the initial removal hearing and providing notice…of the time, place, and date of hearing." *Id*. (quoting 8 C.F.R. § 1003.18(b)). The United States submits that the Immigration Judge had jurisdiction over Defendant during his removal proceedings. *Id*. at 7-10. The United States further submits that Defendant's challenge to the

validity of the Immigration Judge's removal order does not excuse him from exhausting his administrative remedies and that he has failed to do so. *Id*. at 11-12. Finally, the United States submits that the Immigration Judge's authority to grant Defendant the relief of voluntary departure is discretionary and, therefore, Defendant must demonstrate "plausible grounds" that he would have been granted this relief but has failed to do so. *Id*. at 12-15. Accordingly, the United States asks the Court to deny Defendant's motion. *Id*. at 16.

In reply, Defendant submits that the initial NTA did not vest jurisdiction in the Immigration Court because it fails to specify the address of the specific Immigration Court where it will be filed. Docket No. 34 at 3-4. *See also* 8 C.F.R. § 1003.14(a). Defendant further submits that the Notice of Hearing fails to cure the address deficiency because the NTA is a single document that must contain all necessary information; yet, the only address it contains is that of Defendant's residence. *Id*. at 2. Defendant submits that the regulation expressly requires the NTA to contain the address of the Immigration Court where it is filed and, since Defendant's does not, the Immigration Court had no jurisdiction to remove him. *Id*. at 3-4. Defendant further submits that the Notice of Hearing does not cure the defects of the NTA, and that it does not meet the regulatory requirements to be termed a subsequent NTA. *Id*. at 4-5. Additionally, Defendant submits that the lack of jurisdiction automatically invalidates the removal order; therefore, he asks the Court to dismiss his indictment. *Id*. at 5-6.

**II.   ANALYSIS**

Federal Rule of Criminal Procedure 12(b)(3)(B)(v) allows a defendant to move to dismiss an indictment on the ground that the indictment "fail[s] to state an offense." In considering a motion to dismiss an indictment, a court "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged. The indictment either states an

offense or it does not. There is no reason to conduct an evidentiary hearing." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *Id*. A motion to dismiss an indictment can be determined before trial "if it involves questions of law rather than fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986); *United States v. Jimenez*, 191 F.Supp.3d 1038, 1040 (N.D.Ca. 2016). For this reason, "[g]enerally, Rule 12(b) motions are appropriate to consider 'such matters as former jeopardy, former conviction, former acquittal, statute of limitations, immunity, [and] lack of jurisdiction.'" *Shortt*, 785 F.2d at 1452. A defendant moving to dismiss an indictment bears the burden of demonstrating a factual basis for the motion to dismiss. *See United States v. Ziskin*, 360 F.3d 934, 943 (9th Cir. 2003); *United States v. Lazarevich*, 147 F.3d 1061, 1065 (9th Cir. 1998).

In order to convict a defendant of illegal reentry under 8 U.S.C. § 1326, the United States must establish that the defendant "left the United States under order of exclusion, deportation, or removal, and then illegally reentered." *United States v. Raya–Vaca*, 771 F.3d 1195, 1201 (9th Cir. 2014) (internal quotation marks and citation omitted). "A defendant charged with illegal reentry pursuant to 8 U.S.C. § 1326 has the right to bring a collateral attack challenging the validity of his underlying removal order, because that order serves as a predicate element of his conviction." *United States v. Ochoa*, 861 F.3d 1010, 1014 (9th Cir. 2017).

To demonstrate that a prior deportation cannot serve as the basis of an indictment for illegal reentry, 8 U.S.C. § 1326(d) requires that a defendant "demonstrate that (1) he exhausted the administrative remedies available for seeking relief from the predicate removal order; (2) the deportation proceedings 'improperly deprived [him] of the opportunity for judicial review;' and (3) the removal order was 'fundamentally unfair.'" *Raya–Vaca*, 771 F.3d at 1201 (quoting 8

5

U.S.C. § 1326(d)). "To satisfy the third prong—that the order was fundamentally unfair—the defendant bears the burden of establishing both that the deportation proceeding violated his due process rights and that the violation caused prejudice." *Id*. (internal quotation marks, citation, and brackets omitted). *See also United States v. Garcia-Santana*, 774 F.3d 528, 532-533 (9th Cir. 2014). Defendant bears the burden of proving all the Section 1326(d) elements. *Ochoa*, 861 F.3d at 1019.

A defendant cannot collaterally attack his underlying removal order "if he validly waived the right to appeal that order during the deportation proceedings" or, in other words, failed to exhaust his administrative remedies. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004) (internal citation omitted). "The exhaustion requirement of 8 U.S.C. § 1326(d), however, cannot bar collateral review of a deportation proceeding when the waiver of the right to an administrative appeal did not comport with due process." *Id*. This is the case where the waiver of the right to appeal is "not 'considered and intelligent.'" *Id*. (internal citation omitted).

An immigration official's failure to advise an alien of his apparent eligibility for relief from removal, including voluntary departure, violates his due process rights. *See, e.g., United States v. Melendez–Castro*, 671 F.3d 950, 954 (9th Cir. 2012) (*per curiam*); *United States v. Lopez–Velasquez*, 629 F.3d 894, 897 (9th Cir. 2010) (*en banc*); *United States v. Arias-Ordonez*, 597 F.3d 972 (9th Cir. 2010); *United States v. Ortiz–Lopez*, 385 F.3d 1202, 1204 (9th Cir. 2004). Further, "§ 1326(d)'s requirements of exhaustion and deprivation of judicial review are satisfied when the government misinforms an alien that he is ineligible for relief." *Arias-Ordonez*, 597 F.3d at 977 (internal citations omitted); *see also United States v. Ochoa*, 861 F.3d 1010, 1020 (9th Cir. 2017) ("[O]ur court—unlike our sister circuits—has ignored the procedural focus of paragraphs (d)(1) and (2) and essentially read them out of the statute ... We have long held that, when an IJ

erroneously informs an alien that he or she is ineligible for discretionary relief, the first two prongs of § 1326(d) are satisfied and that, under § 1326(d)(3), the alien's due process rights were violated").

An alien is eligible for voluntary departure if he has not sustained a conviction for an aggravated felony and has not engaged in terrorist activities. 8 U.S.C. § 1229c(a)(1). *See also* 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1227(a)(4)(B). Here, Defendant has sustained a misdemeanor conviction for knowing and intentional possession of marijuana. Docket No. 31-2 at 2-3. Therefore, he was eligible for voluntary departure at the time of his August 19, 2004, removal hearing.

Defendant submits that the Immigration Judge never informed him of his eligibility for voluntary departure. Docket No. 20 at 14-15. The United States cannot rebut this assertion. Docket No. 31 at 3 n.1. Therefore, the Court finds that Defendant's due process rights were violated during his August 2004 removal hearing, the immigration court's removal order was fundamentally unfair, and prejudice is established. *See United States v. Martinez*, 786 F.3d 1227, 1230 (9th Cir. 2015) ("Where a prior removal order is premised on the commission of an aggravated felony, a defendant who shows that the crime of which he was convicted was not, in fact, an aggravated felony, has established both that his due process rights were violated and that he suffered prejudice as a result"). The second removal order relied upon the first removal order; therefore, it, too, is fundamentally unfair. Since the Court finds that "Defendant has successfully attacked the predicate removal order," the United States "cannot obtain a conviction for unlawful

re-entry pursuant to 8 U.S.C. § 1326(a)." *United States v. Aquero-Cadenas*, 2018 WL 3518453, *3 (D.Nev. 2018).[1]

### III. RECOMMENDATION

Based on the foregoing and good cause appearing therefore,

**IT IS RECOMMENDED** that Defendant's motion to dismiss the indictment, Docket No. 20, be **GRANTED**.

DATED: September 24, 2019.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[1] The Court need not reach Defendant's argument regarding the Immigration Court's jurisdiction.