**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:19-cr-00130-APG-NJK |
| Plaintiff | **Order Accepting Report and Recommendation and Dismissing Case** |
| v. | |
| SILVANO GONZALEZ-CASTRO, | [ECF Nos. 20, 38] |
| Defendant | |

On September 24, 2019, Magistrate Judge Koppe recommended that I grant defendant Silvano Gonzalez-Castro's motion to dismiss because the Immigration Judge at the August 2004 deportation hearing failed to inform Gonzalez-Castro of his eligibility for voluntary departure. ECF No. 38. The Government filed an objection. ECF No. 39.

I have conducted a de novo review of the issues set forth in the Report and Recommendation under Local Rule IB 3-2. Judge Koppe's Report and Recommendation sets forth the proper legal analysis and the factual basis to establish that Gonzalez-Castro's due process rights were violated during his August 2004 removal hearing and the immigration court's removal order was fundamentally unfair. I adopt her Report and Recommendation as my own, but supplement it to expressly find that Gonzalez-Castro was prejudiced by this violation.

Gonzalez-Castro contends that the Immigration Judge never informed him of his eligibility for voluntary departure. Docket No. 20 at 14-15. The United States has not rebutted this claim. An alien is eligible for voluntary departure if he has not sustained a conviction for an aggravated felony and has not engaged in terrorist activities. 8 U.S.C. §§ 1229c(a)(1), 1227(a)(2)(A)(iii), 1227(a)(4)(B). Gonzalez-Castro had sustained only a misdemeanor conviction for possession of

marijuana by the time of his August 2004 removal hearing, so he was eligible for voluntary departure.

The Ninth Circuit "has found prejudice where an alien's rights are violated in a manner so as potentially to affect the outcome of the proceedings." *Campos-Sanchez v. I.N.S.*, 164 F.3d 448, 450 (9th Cir. 1999) (internal quotation and citation omitted) (*superseded by statute on other grounds*). Had Gonzalez-Castro been told he was eligible for voluntary departure, he would have requested it because it comes with fewer penalties and consequences than a deportation. The Immigration Judge's failure to inform him of that option deprived him of the chance to seek those benefits. Thus, Gonzalez-Castro was prejudiced by the violation of his due process rights.

I HEREBY ORDER that Magistrate Judge Koppe's Report and Recommendation **(ECF No. 38) is accepted** as supplemented above, the defendant's motion to dismiss (**ECF No. 20) is granted**, and this case is DISMISSED. The clerk of the court is directed to close this case.

DATED this 19th day of November, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE